CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR 29 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TONY C. THOMAS<br>    Plaintiff, | )<br>)  Civil Action No. 7:07CV00122<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| BRIAN A. BLEDSOE,<br>    Defendant. | )  By: Hon. Jackson L. Kiser<br>)  Senior United States District Judge |

    Plaintiff, Tony C. Thomas, a federal inmate proceeding pro se, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331. Having reviewed the complaint, I conclude that plaintiff has failed to state a claim upon which relief may be granted. Therefore, I will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).[1]

### I.

    Thomas is presently incarcerated at United States Penitentiary - Lee and alleges that on March 13, 2005, Officer K. Watkins "conducted a cell room shake-down in [his] assigned cell." Thomas contends that at some point during this shakedown, Officer Watkins came in contact with his sealed legal mail. In his complaint, Thomas alleges that this piece of mail was addressed to an attorney at law and "dated for outgoing mailing." Also, in grievance papers submitted along with his complaint, Thomas claims that this mail was marked "Legal Mail." Thomas further contends that Officer Watkins opened this sealed legal mail in violation of Bureau of Prisons policy. Shortly after his mail was allegedly opened, Thomas claims that he was charged with Introduction of Narcotics and received over ninety (90) days in the Special Housing Unit. Thomas blames his being placed in the

---

[1]This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Special Housing Unit on Officer Watkins' "unprofessionalism" and seeks $2,000,000 in damages.

## II.

The United States Court of Appeals for the Fourth Circuit, in <u>Altizer v. Deeds</u>, 191 F.3d 540, 547-548 (4th Cir. 1999), held that "the opening and inspecting of an inmate's outgoing mail is reasonably related to legitimate penological interests, and therefore, constitutional..." However, in a footnote to that opinion, the <u>Altizer</u> court noted that "[i]nspecting an inmate's legal mail may implicate the inmate's Sixth Amendment right to communicate freely with his attorney in a criminal case." <u>Id.</u> at 549, n.14. (Citing <u>Wolff v. McDonnell</u>, 418 U.S. 539, 575, 41 L. Ed. 2d 935, 94 S. Ct. 2963 (1974)). Here, Thomas has not alleged that the piece of mail at issue pertained to any criminal case. Therefore, based on <u>Altizer</u>, I find that Thomas' rights were not violated when Officer Watkins allegedly opened his mail.

Furthermore, assuming *arguendo* Thomas' rights were somehow implicated when Officer Watkins allegedly opened his mail, Thomas has still failed to state a claim because he has not alleged a sufficient injury. In <u>Allen v. Maxfield</u>, 2006 U.S. Dist. LEXIS 44371 (W.D. Va. June 29, 2006) at *2, this court held that "[t]o state a claim that interference with legal mail has abridged his right to access the courts, an inmate must demonstrate some actual harm or prejudice to his ability to communicate with the court or with counsel." (Citing <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed 606 (1996)). Thomas argues that Officer Watkins violated Bureau of Prisons policy when she opened Thomas' mail, which resulted in his being placed in the Special Housing Unit. However, Thomas has not alleged that Officer Watkins' actions have somehow harmed or prejudiced his ability to communicate with the court or counsel. Thus, based on <u>Allen</u>, I find that Thomas has failed to allege a sufficient injury and therefore has failed to state a constitutional claim based on interference

2

with legal mail.

### III.

For the stated reasons, Thomas' complaint is dismissed without prejudice pursuant to § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 29th day of March, 2007.

*/s/ Jackson L. Kiser*
Senior United States District Judge